**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 13-CV-184-GKF-PJC |
| WILLIAM F. SPENCER, DELVINA SPENCER, TAMMY COOPER d/b/a MID-STATES TRUCKING, ) ) ) ) ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Dkt. #9] filed by defendants William F. Spencer and Delvina Spencer ("the Spencers").

In this lawsuit plaintiff Progressive Northern Insurance Company ("Progressive"), which issued a motor vehicle liability insurance policy to defendant Tammy Cooper d/b/a Mid-States Trucking, seeks declaratory judgment that it has no duty to defend or respond to a state court lawsuit against Cooper and others for injuries and damages William F. Spencer suffered in a 2011 vehicle accident in Kansas.

The Spencers assert in their motion to dismiss that Progressive's declaratory judgment claim is a compulsory counterclaim in the state court action they filed in Creek (Bristow) County District Court, Case No. B-CJ-2011-23.

**Allegations of the Complaint**

Progressive is a Wisconsin corporation with its principal place of business in a state other than Oklahoma. [Dkt. #2, Complaint, ¶2]. The Spencers are citizens of Oklahoma who, upon information and belief, reside in Rogers County, Oklahoma. [*Id.*, ¶¶3-4]. Defendant Tammy Cooper d/b/a Mid-States Trucking is a citizen of Oklahoma who, upon information and belief, resides in Creek County, Oklahoma. [*Id.*, ¶5].

On June 25, 2011, William Spencer and Delmer Lee Bruton, Jr. ("Bruton") were involved in a motor vehicle accident in or around Iola, Allen County, Kansas. [*Id.*, ¶10]. At the time of the accident, Bruton was driving a 1996 Peterbilt, VIN 1XP5D69X0TD411200 ("the Peterbilt"). [*Id.*, ¶11]. According to the report generated by the Kansas Highway Patrol on June 25, 2011, Cooper was the registered owner of the Peterbilt on that date. [*Id.*, ¶12].

On August 8, 2011, the Spencers filed suit in Creek County District Court against Bruton, Joey L. Volner d/b/a C&A Trucking ("Volner") and Volner's insurer, Scottsdale Insurance Company ("the *Spencer* Lawsuit"). [*Id.*, ¶13]. On September 28, 2012, the Spencers filed their First Amended Petition, in which they added Cooper and Progressive as defendants. [*Id.*, ¶14]. In their First Amended Petition, the Spencers made no specific allegations against Cooper, but alleged all defendants "were acting by and through the scope of their agents, servants and employees who were within the scope and appointment of their agency and authority;" that on June 25, 2011, William Spencer was driving a 2007 Volvo semi tractor-trailer traveling southbound on U.S. 169 near Iola, Kansas; that "the Defendants were operating their 1996 Peterbilt tractor-trailer northbound;" and that "[t]he Defendants suddenly and without warning drove their vehicle into the path of the vehicle operated by the Plaintiff;" and that "as a result of the gross negligence of the Defendants . . . Spencer was severely injured." [*Id.*, ¶15]. William

Spencer sought damages for personal injury and loss of earnings, his wife sought damages for loss of consortium and both sought punitive damages. [*Id.*].

Progressive alleges that during discovery in the *Spencer* Lawsuit, William Spencer provided discovery responses in which he asserted he suffered damages in excess of $500,000 as a result of the accident. [*Id.*, ¶16]. It alleges that during her deposition in the *Spencer* Lawsuit, Cooper testified she had sold the Peterbilt to Volner in March 2010, and had not maintained insurance on the Peterbilt since that time. [*Id.*, ¶¶17-18]. Similarly, Volner testified he had bought the Peterbilt from Cooper in March 2010 and had maintained insurance on it since that time. [*Id.*, ¶19]. Further, Progressive asserts that on February 11, 2011, Volner executed a written statement confirming he was the owner of the Peterbilt. [*Id.*, ¶20]. It alleges Volner's wife, Rikki Volner, testified during a deposition that Volner purchased the Peterbilt from Cooper in March of 2010 and confirmed the title had not been transferred to Volner until after the June 25, 2011 accident. [*Id.*, ¶21]. Volner's wife also testified that she—without Cooper's knowledge—went to Cooper's residence, obtained a permanent lease agreement that had been executed by Cooper with respect to a completely unrelated lease arrangement, "whited out" certain portions of the existing permanent lease agreement and proceeded to write in Cooper as the leasee and legal owner of the Peterbilt and Volner as the lessor of that vehicle. [*Id.*, ¶22]. Rikki Volner also testified she "whited out" the vehicle description that had been included in the original permanent lease agreement and inserted the information describing the Peterbilt for the purpose of obtaining tags for the Peterbilt. [*Id.*].

Progressive alleges it issued to Tammy Cooper d/b/a Mid-States Trucking Insurance Policy Number 07666624-0, with effective dates of October 8, 2010 to October 8, 2011 ("the Policy"). [*Id.*, ¶23]. The combined single limit of liability insurance provided by the Policy is

$1 million.  [*Id*., ¶25].  Progressive alleges that at no point between October 8, 2010 and June 25, 2011 was the Peterbilt a vehicle that was identified in the Policy, or under any insurance policy Progressive has issued to Cooper, nor has Cooper ever paid Progressive any premium for coverage of any kind for the Peterbilt.  [*Id.*, ¶¶26-27].  Nor, Progressive alleges, were Volner or Bruton listed drivers on the Policy.  [*Id.*, ¶28].  Progressive has retained counsel to represent Cooper in the *Spencer* Lawsuit pursuant to a reservation of all of its rights and defenses under the Policy, but maintains that neither the underlying accident nor the *Spencer* Lawsuit triggers the provisions of the liability coverage provided by the Policy.  [*Id.*, ¶¶30-32].

Progressive seeks declaratory judgment that under the clear and unambiguous terms of the Policy, no coverage exists to respond to the *Spencer* Lawsuit or the underlying accident on behalf of its named insured, Cooper.  [*Id.*, ¶35].

## Motion to Dismiss

The Spencers allege in the Motion to Dismiss that Progressive's claim for declaratory judgment is "completely subsumed" by their claims in the state court action, and that the claim for declaratory judgment is a compulsory counterclaim in the state court case.[1]  However, on April 1, 2013, Progressive filed a Motion for Summary Judgment against the Spencers on their claim in the *Spencer* Lawsuit.  That motion, which was pending at the time the Spencers filed their motion to dismiss in this case, was granted by the state court on June 6, 2013.  [Dkt. #12-1]. Thus, Progressive is no longer a party to the *Spencer* Lawsuit.

Therefore, defendants' Motion to Dismiss [Dkt. #9] is denied.

---

[1] In the state court action, the Spencers alleged Progressive was directly liable to them under 47 Okla. Stat. § 230.30, which requires carriers to file a liability insurance policy or bond with the Oklahoma Corporation Commission  in order to obtain a motor carrier license in the State of Oklahoma.  *See* Dkt. #12-1, Order Sustaining Motion for Summary Judgment of Co-Defendant.

ENTERED this 22nd day of August, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT